IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| SIGNET, INC., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. <u>07-2281-Ml/P</u> |
| | ) | |
| ESSENT CORPORATION, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

_____

**ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF DEADLINE TO DESIGNATE PLAINTIFF'S EXPERT WITNESS AND
GRANTING DEFENDANT'S MOTION TO EXTEND TIME AND AMEND SCHEDULING ORDER**
_____

Before the court by order of reference is plaintiff Signet, Inc.'s Motion for Extension of Deadline to Designate Plaintiff's Expert Witness, filed January 27, 2008 (D.E. 37), and defendant Essent Corporation's Motion for Extension of Time to Publish Expert Report and to Amend Rule 16(b) Scheduling Order, filed February 8, 2008 (D.E. 38). Plaintiff states in its motion that plaintiff's counsel attempted to find a computer expert to designate as an expert before the January 4, 2008 disclosure deadline, but was unable to meet the deadline because "there is a dearth of computer software 'experts' in the Shelby County" area. After contacting companies located outside of Tennessee, plaintiff was able to retain an expert in Massachusetts, and on January 18, 2008,

-1-

provided to the defendant the expert's name and curriculum vitae. However, an expert report was not provided, even though it appears that plaintiff's expert qualifies as a "retained" expert under Rule 26(a)(2)(B).

Fed. R. Civ. P. 26(a)(2) governs the disclosure of expert testimony. Rule 26(a)(2)(A) requires a party to "disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." With respect to a witness who is retained to provide expert testimony, Rule 26(a)(2)(B) requires a written report detailing all opinions to be expressed by the expert and the basis for those opinions. The report must contain the following information:

> a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Fed. R. Civ. P. 26(a)(2)(B).

Federal Rule of Civil Procedure 37 sets forth the consequences for a party's failure to provide Rule 26 expert disclosures. "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such

failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c). Rule 37 provides further that, in lieu of exclusion and upon motion and after affording an opportunity to be heard, the court may impose "other appropriate sanctions." Id. The Sixth Circuit has "established that Rule 37(c)(1) mandates that a trial court sanction a party for discovery violations in connection with Rule 26(a) unless the violations were harmless or were substantially justified." Sexton v. Uniroyal Chemical Co., Inc., 62 Fed. Appx. 615, at *3 n.1 (6th Cir. 2003).

For the reasons stated in plaintiff's motion, the court finds that plaintiff's failure to provide complete expert disclosures by the January 4 deadline was substantially justified. Moreover, because the court will grant defendant's motion to amend the scheduling order and extend the time for defendant to make its expert disclosures, the court finds that the violation was harmless. Thus, the plaintiff's and defendant's motions are GRANTED, and the scheduling order is hereby amended as follows:

> Plaintiff's expert disclosures, including reports if required by Rule 26(a)(2): March 1, 2008
>
> Defendant's expert disclosures, including reports if required by Rule 26(a)(2): April 1, 2008
>
> Completing all discovery (including document production, interrogatories, and requests for admissions): April 15, 2008
>
> Supplementation under Rule 26(e): March 31, 2008
>
> Expert depositions: April 15, 2008

Filing dispositive motions:  April 30, 2008

The amended scheduling order may result in a re-setting of the trial date, which is currently set for June 16, 2008.  If the District Judge decides to re-set the trial date, the parties will be notified of the new trial date by separate order.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 14, 2008
Date